# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

ISAIAH JOEL PETILLO,
CDCR #T-44601,

                                         Plaintiff,

vs.

SCOTT KEARNAN, et al.

                                       Defendants.

Case No.:  3:16-cv-01950-MMA-JMA

**ORDER DISMISSING SECOND AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)**

## I.    Procedural History

On August 1, 2016, Isaiah Joel Petillo ("Plaintiff"), a prisoner incarcerated in Corcoran State Prison located in Corcoran, California, and proceeding *pro se*, filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983. (Doc. No. 1.)  Plaintiff alleged that prison officials at five separate prisons violated his constitutional rights when they

classified him with an "R" suffix[1]. (Compl., Doc. No. 1 at 1, 10.) Plaintiff has named thirty one (31) defendants in this matter. (*Id.* at 1-9.) Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 4).

On October 24, 2016, Plaintiff's IFP motion was granted but his Complaint was simultaneously dismissed for failing to state a claim upon which relief could be granted. (Doc. No. 7 at 15-16.) On November 28, 2016, Plaintiff filed his First Amended Complaint ("FAC") and later filed a "Declaration in Support of Complaint." (Doc. Nos. 8, 10.) However, the Court once again found that Plaintiff's FAC failed to state a claim upon which relief could be granted and dismissed his FAC. (Doc. No. 11 at 9-10.) Plaintiff was again granted leave to file an amended pleading in order to correct the deficiencies of pleading identified in the Court's Order. (*Id.*) On March 9, 2017, Plaintiff filed his Second Amended Complaint ("SAC"). (Doc. No. 12.)

## II. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his SAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'"

---

[1] Pursuant to Cal. Code Regs., tit. 15 § 3377.1(b), "[a]n 'R' suffix shall be affixed to an inmate's custody designation to ensure the safety of inmates, correctional personnel, and the general public by identifying inmates who have a history of specific sex offenses as outlined in Penal Code (PC) section 290."

*Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.    Rule 8

As a preliminary matter, the Court finds that Plaintiff's SAC fails to comply with Rule 8 of the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that in order to state a claim for relief in a pleading it must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1) & (2).

/ / /

/ / /

Here, Plaintiff's SAC offers far less factual allegations than his Complaint. Instead of setting for specific factual allegations to support his claims, Plaintiff cites to his original Complaint. (*See* SAC at 2-6.) However, Plaintiff was instructed by this Court that if he elected to "file an Amended Complaint, it must be complete by itself without reference to his original pleading." (Doc. No. 11 at 9-10 *citing* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."). Plaintiff failed to follow this instruction in both his FAC and SAC.

In addition, throughout his SAC, Plaintiff simply lists a number of Defendants without connecting them to any specific factual allegation. (*See* SAC at 6-8.) "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Thus, the Court finds that Plaintiff's SAC plainly falls short of complying with Rule 8 and the Court's local rules, and for that reason alone, requires dismissal.

D.    Fourteenth Amendment due process claims

Throughout Plaintiff's SAC, he alleges that he has been housed at a number of different institutions under the jurisdiction of the California Department of Corrections and Rehabilitation ("CDCR"). The only allegations regarding Defendants at Calipatria State Prison ("CAL") involve the CAL institutional classification committee's ("ICC") decision to apply an "R" suffix to Plaintiff in 2010. (*See* SAC at 2-3.) The Due Process Clause protects prisoners against deprivation or restraint of "a protected liberty interest" and "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)) (internal quotation marks omitted).

Although the level of the hardship must be determined in a case-by-case determination, courts look to:

> 1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.

*Ramirez,* 334 F.3d at 861 (quoting *Sandin*, 515 U.S. at 486-87). Only if an inmate has alleged facts sufficient to show a protected liberty interest does the court next consider "whether the procedures used to deprive that liberty satisfied Due Process." *Ramirez,* 334 F.3d at 860.

As currently pleaded, Plaintiff's SAC fails to allege facts which show that having an "R" suffix subjected him to any "atypical and significant hardship in relation to the ordinary incidents of prison life." *Id.*; *Sandin*, 515 U.S. at 584. Plaintiff claims that he has suffered "atypical and significant hardship" because "parole board members will be reluctant to give Plaintiff a parole date based on the "R" suffix classification." (SAC at 9.) However, this is purely speculative on his part and he provides no factual allegations as to whether he is eligible for parole or that there is any date for a parole hearing.

In addition, Plaintiff claims that the "R" suffix "restricts Plaintiff from enjoying the privilege regular prisoners receive in regard to [conjugal] visitations with family & friends." (*Id.* at 10-11.) However, it is "well-settled that prisoners have no constitutional right while incarcerated to contact visits or conjugal visits." *Gerber v. Hickman*, 291 F.3d 617, 621 (9th Cir. 2002) (citing *Kentucky Dep't of Corrs v. Thompson,* 490 U.S. 454, 460 (1989)).

Based on these claims alone, the Court finds his pleading contains no "factual content that allows the court to draw the reasonable inference," *Iqbal*, 556 U.S. at 678, that Defendants' actions "presented a dramatic departure from the basic conditions of [Plaintiff's] indeterminate sentence," or caused him to suffer an "atypical" or "significant" hardship." *Sandin*, 515 U.S. at 584-85.

However, even if Plaintiff has alleged facts sufficient to invoke a protected liberty interest under *Sandin*, he fails to plead facts to plausibly show he was denied the procedural protections the Due Process Clause requires. *See Iqbal*, 556 U.S. at 678; *Ramirez*, 334 F.3d at 860 (citations omitted); *see also Brown v. Oregon Dep't of Corr.*, 751 F.3d 983, 987 (9th Cir. 2014). Those procedures include: (1) written notice of the charges at least 24 hours before the disciplinary hearing; (2) a written statement by the fact-finder of the evidence relied on and reasons for the disciplinary action; (3) the right to call witnesses and present documentary evidence if doing so will not jeopardize institutional safety or correctional goals; (4) the right to appear before an impartial body; and (5) assistance from fellow inmates or prison staff in complex cases. *Wolff v. McDonnell*, 418 U.S. 539, 563-72 (1974); *Serrano v. Francis*, 345 F.3d 1071, 1079-80 (9th Cir. 2003). Plaintiff offers no factual allegations to support a finding that he was denied his due process rights during his 2010 classification hearing.

Accordingly, the Court finds that Plaintiff's SAC fails to state a procedural due process claim as to any Defendant; therefore, his Fourteenth Amendment claims are also subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

D. Eighth Amendment failure to protect claims

Plaintiff also alleges that he has been subjected to cruel and unusual punishment in violation of his Eighth Amendment rights by having the "R" suffix classification. The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety and well-being of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). To state an Eighth Amendment failure to protect claim, however, Plaintiff must allege facts sufficient to plausibly show that (1) he faced conditions posing a "substantial risk of serious harm" to his health or safety, and (2) the individual prison officials he seeks to hold liable were "deliberately indifferent" to those risks. *Farmer*, 511 U.S. at 837; *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). To demonstrate deliberate indifference, Plaintiff must show that the

defendant both knew of and disregarded a substantial risk of serious harm to his health and safety. *Farmer,* 511 U.S. at 837. Thus, Plaintiff must allege "the official [was] both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and [that] he . . . also dr[e]w that inference." *Id.*

There are no facts from which the Court could conclude that any Defendant acted with "deliberate indifference" to a serious risk of harm to Plaintiff. Plaintiff does not allege, in any way, that apart from having the "R" suffix that any named Defendant was actually aware of any known, specific threats to Plaintiff's safety. Plaintiff does not allege that any of the named Defendants were aware that other inmates allegedly knew of Plaintiff's classification status.[2]

Here, the Court finds that Plaintiff fails to allege that any Defendant was aware of any facts demonstrating an "obvious" risk and failed to take any action. *Farmer*, 511 U.S. 842; *see also Lolli v. County of Orange*, 351 F.3d 410, 421 (9th Cir. 2003) ("Much like recklessness in criminal law, deliberate indifference . . . may be shown by circumstantial evidence when the facts are sufficient to demonstrate that a defendant actually knew of a risk of harm.").

For these reasons, the Court finds Plaintiff's failure to protect claims against all Defendants also must be dismissed for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and § 1915A(b)(1). *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

/ / /

/ / /

---

[2]  Plaintiff does allege Correctional Officer Gonzalez "told another correctional officer that "that dude [Plaintiff] there is a rapist." (SAC at 4.) However, Plaintiff indicates that Gonzalez is not a defendant in this action and the Court takes judicial notice that Plaintiff is already bringing a separate action against Gonzalez for claims he refers to in this action. *See Petillo v. Peterson, et al.*, E.D. Cal. Civil Case No. 1:16-cv-00488-MJS.

E.    Leave to Amend

Finally, while Rule 15(a)(2) provides that "[t]he court should give leave [to amend] freely when justice so requires," the Court further finds that amendment under the circumstances of this case would be futile. *See Vasquez v. Los Angeles County*, 487 F.3d 1246, 1258 (9th Cir. 2007) (citing *Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend)).

## III.    Conclusion and Order

Good cause appearing, the Court:

**DISMISSES** Plaintiff's Second Amended Complaint for failing to state a claim upon which § 1983 relief can granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and **DENIES** leave to amend as futile.

The Clerk of Court is instructed to close the file.

**IT IS SO ORDERED**.

DATE: April 26, 2017

HON. MICHAEL M. ANELLO
United States District Judge